People v Velez (2020 NY Slip Op 03550)





People v Velez


2020 NY Slip Op 03550


Decided on June 24, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-11146
 (Ind. No. 16-00812)

[*1]The People of the State of New York, respondent,
v
Raymond Velez, appellant.


Jennifer Spencer, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Raffaelina Gianfrancesco and William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Larry J. Schwartz, J.), rendered August 22, 2017, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
The record does not establish that the defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Bradshaw, 18 NY3d 257). The County Court mischaracterized the nature of the right to appeal by stating that the defendant's sentence and conviction would be final (see People v McDowell, 181 AD3d 716, citing People v Thomas, 34 NY3d 545), and the written waiver form also stated that his conviction and sentence would be final. Thus, the purported waiver does not preclude appellate review of the defendant's excessive sentence claim.
However, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court